IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE EDWARD COOPER,<br><br>    Petitioner,<br><br>  v.<br><br>WARDEN KEVIN CHAPPELL,<br><br>    Respondent. | No. C 12-2670 LHK (PR)<br><br>ORDER OF DISMISSAL |

    Petitioner, a state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Petitioner challenges a 2011 decision by the California Board of Parole Hearings' ("Board") finding that Petitioner was not suitable for parole. Petitioner has paid the filing fee. Thus, Petitioner's motion for leave to proceed in forma pauperis is DENIED as unnecessary. For the reasons stated below, the Court DISMISSES the petition for failure to state a cognizable claim for relief.

**DISCUSSION**

**A.**   **Standard of Review**

    This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose*

Order of Dismissal
G:\PRO-SE\SJ.LHK\HC.12\Cooper670disparole.wpd

*v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.     Petitioner's Claims**

As grounds for federal habeas relief, Petitioner alleges that the Board violated his due process rights because the Board's denial of parole demonstrated no rational nexus to Petitioner's current dangerousness. However, the Supreme Court has made clear that a prisoner's federal due process claim regarding a denial of parole is limited to whether he received the minimum procedures necessary under the federal constitution. *Swarthout v. Cooke*, No. 131 S. Ct. 859, 862 (2011) (per curiam). Specifically, this Court's inquiry is limited to whether Petitioner was given an opportunity to be heard, and given a statement of reasons for the denial. *Id.*, citing *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 16 (1979). Petitioner's exhibits demonstrate that he was given those minimum protections. Thus, Petitioner's allegations fail to state a cognizable claim for federal habeas relief. *See id.*

Petitioner also argues that the Board violated the Ex Post Facto Clause by applying Marsy's Law to his parole consideration hearing, thereby postponing Petitioner's next suitability hearing by five years. Prior to Marsy's Law, Section 3041.5 directed the Board to hear each parole case annually, by default, or it could defer subsequent hearings by two or five years if the case met certain requirements. *Gilman v. Schwarzenegger*, 638 F.3d 1101, 1103-04 (9th Cir. 2011). After the amendment, "the minimum deferral period [was] increased from one year to three years, the maximum deferral period [was] increased from five years to fifteen years, and the default deferral period [] changed from one year to fifteen years." *Id.* at 1104. The amendment also authorized the Board to use its discretion to advance a prisoner's hearing date either sua sponte, or upon a prisoner's request. *Id.* at 1105.

Applying *Gilman*'s analysis to this case, the Court finds that the delay in Petitioner's parole hearing did not violate the Ex Post Facto Clause. Section 3041.5 was amended after Petitioner committed his crime, so the amended version of that statute is being applied

1  retroactively as to him.  Moreover, a petitioner cannot obtain habeas relief unless he shows that

2  the retroactively applied statute creates a significant risk of prolonging his incarceration.  *Garner*

3  *v. Jones*, 529 U.S. 244, 251 (2000).  As the Ninth Circuit explained, even though the frequency

4  of the scheduled hearings has decreased, the availability of advance hearings "'would remove

5  any possibility of harm' to prisoners because they would not be required to wait a minimum of

6  three years for a hearing."  *Gilman*, 638 F.3d at 1109 (quoting *California Dept. of Corrections v.*

7  *Morales*, 514 U.S. 499, 513 (1995)).

8        Accordingly, Petitioner's petition is DISMISSED for failure to state a claim.

## CONCLUSION

Accordingly, this case is DISMISSED for failure to state a claim.  The Clerk shall close the file and enter judgment in this matter.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue.  Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Petitioner may seek a certificate of appealability from the Court of Appeal.

IT IS SO ORDERED.

DATED:  Cwi wuv'34."4234

_____
LUCY H. KOH
United States District Judge

Order of Dismissal
G:\PRO-SE\SJ.LHK\HC.12\Cooper670disparole.wpd     3